### In re J. H. JACKSON CO., Inc.

(District Court, S. D. New York. October 26, 1926.)

**1. Bankruptcy ⬅457.**

Under Bankruptcy Act, § 24, subd. (b), as amended by Act May 27, 1926, § 9, appeal from order in bankruptcy proceeding ordering bankrupt to turn over certain books is not dependent on discretion of appellate court.

**2. Bankruptcy ⬅462.**

District Court will not stay bankruptcy proceedings pending appeal from order directing bankrupt to turn over certain books.

In Bankruptcy. In the matter of the bankruptcy of J. H. Jackson Company, Inc. On motion to vacate a stay pending appeal and to vacate the allowance of appeal. Motion denied in part, and in part granted.

McManus, Ernst & Ernst, of New York City (Irving L. Ernst and Walter E. Ernst, both of New York City, of counsel), for John H. Jackson.

Robert P. Levis and Benjamin Lesser, both of New York City, for receivers.

WINSLOW, District Judge. This is a motion (a) to vacate a stay (pending appeal) contained in an order of this court dated September 28, 1926; and (b) to "vacate" the allowance (contained in the same order) of an appeal from an order of September 18, 1926. [1] The order (September 18th) appealed from directed the president of the bankrupt to turn over certain books, etc., to receivers. Section 24 of the Bankruptcy Act, as amended May 27, 1926, in subdivision (b), being chapter 406, § 9, 44 Stat., provides that the several Circuit Courts of Appeals shall have jurisdiction in equity, either interlocutory or final, "to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 25) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 25 to be allowed in the discretion of the appellate court."

Various other orders are referred to in the moving papers and briefs, but this court is only concerned with the order sought to be modified or vacated; i. e., the order of September 28, 1926. Section 24 as amended (quoted herein) clearly provides for review in matter of law in the "form and manner of an appeal" for some questions. The punctuation clearly indicates to my mind that, as to other matters specifically enumerated in section 25, the allowance of the appeal can be had only "in the discretion of the appellate court."

The question involved in this motion is not one of those enumerated in section 25. Subdivision (c) of section 24 (quoted herein) provides that the appeal shall be taken within 30 days after rendition or entry of the judgment ·or order. Section 25 (a), as amended by section 10 of Act May 27, 1926, provides that, as to the matters therein enumerated, the appeal shall also be taken in 30 days. Thus there are two classes of appeals provided for in these two sections. In both classes, the appeal shall be taken in 30 days, and in one class no appeal can be allowed, except in the discretion of the appellate court. [2] Motion to vacate the allowance of the appeal denied. I have doubts, however, as to the propriety of this court staying the proceedings pending the appeal, and the motion to vacate the stay is granted.